UNITED STATES DISTRICT COURT
SOUNTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
                                                         :
ROBERT STOLARIK,                                         :
                                                         :
                              Plaintiff,                 :
                                                         :                17-CV-5566 (VSB)
           - against -                                   :
                                                         :        **OPINION & ORDER**
                                                         :
KAPLUN MARX PLLC,                                        :
                                                         :
                              Defendant.                 :
                                                         :
---------------------------------------------------------X

Appearances:

Oleg A. Mestechkin
Mestechkin Law Group PC
Brooklyn, New York
*Counsel for Plaintiff*

Gokhan Yazici
Yazici Law
New York, New York
*Counsel for Defendant*

VERNON S. BRODERICK, United States District Judge:

Plaintiff Robert Stolarik brings this action against Defendant Kaplun Marx PLLC ("Kaplun Marx") for copyright infringement pursuant to the United States Copyright Act, 17 U.S.C. § 101, *et seq.* Defendant moves to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6). Because jurisdictional discovery is necessary to determine whether or not personal jurisdiction exists over Defendant, Defendant's motion to dismiss is DENIED with leave to re-file after the close of jurisdictional discovery.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/24/2018

## I. Background[1]

Plaintiff is a photojournalist and is the author and co-owner, with the New York Times, Inc., of copyrights in the image that is the subject of these proceedings, entitled "Tracy Morgan Walmart Truck" (the "Photograph"). (Compl. ¶¶ 2, 9.) The Photograph was initially published on June 7, 2014 with a New York Times article entitled, "Tracy Morgan Critically Hurt in New Jersey Car Crash," at http://www.nytimes.com/2014/06/08/nyregion/tracy-morgan.html. (*Id.* ¶ 13, Ex. B.) A notice of copyright was placed under the Photograph indicating that Plaintiff is the photographer. (*Id.*)

Defendant is a law firm registered in Pennsylvania with a principal place of business in Pennsylvania. (*Id.* ¶¶ 3, 20.) Plaintiff alleges upon information and belief that Defendant maintains offices in Pennsylvania and New Jersey and derives substantial revenue from clients throughout Pennsylvania and it surrounding states. (*Id.* ¶ 7.)

Defendant maintains an online blog that discusses various legal topics related to its practice. (*Id.* ¶ 14.) On an unstated date, Defendant copied and published the Photograph to its blog to accompany an article entitled, "Tracy Morgan, Walmart – a Truck Accident Lawyer's Perspective," at www.kaplunmarx.com. (*Id.*, Ex. C.) Defendant published the Photograph without any photo credit or reference to Plaintiff as the photographer and owner of the Photograph. (*Id.* ¶ 15.) Defendant did not obtain Plaintiff's permission before publishing the Photograph and does not have any license, authorization, permission, or consent to use the Photograph. (*Id.* ¶¶ 14, 15.)

Plaintiff discovered the Photograph on Defendant's blog post on August 10, 2014. (*Id.*

---

[1] The following factual summary is drawn from the allegations of the Complaint and the exhibits attached thereto, (Doc. 1), unless otherwise indicated, which I assume to be true for purposes of this motion. *See Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 237 (2d Cir. 2007). My references to these allegations should not be construed as a finding as to their veracity, and I make no such findings.

2

¶ 17.) Plaintiff notified Defendant in writing that the use of the Photograph constituted infringement and demanded that Defendant cease and desist from further use of the Photograph. (*Id.*) Plaintiff requested a retroactive licensing fee of $2,500 for past use of the Photograph, and Defendant declined Plaintiff's request. (*Id.* ¶ 18)

Plaintiff alleges that Defendant's copying, distribution, and use of the Photograph with the photo-credit removed was willful, intentional, and purposeful. (*Id.* ¶¶ 19, 20, 23.) Plaintiff further alleges upon information and belief that Defendant has profited from its use of the Photograph. (*Id.* ¶ 21.)

## II. Procedural History

Plaintiff filed this action on July 21, 2017. (Doc. 1.) On November 17, 2017, the parties jointly proposed a briefing schedule for Defendant's anticipated motion to dismiss, (Doc. 18), which I endorsed on November 20, 2017, (Doc. 19). Defendant improperly filed his motion to dismiss on December 1, 2017, (Doc. 20), and Plaintiff filed his opposition on December 14, 2017, (Doc. 21).

After a notification from the Clerk of Court, Defendant re-filed its motion to dismiss on January 3, 2018, (Doc. 22), along with a memorandum of law in support, (Doc. 23), and an affidavit in support, (Doc. 25). Plaintiff re-filed his opposition on the same day. (Doc. 24.) Defendant did not file a reply memorandum. On January 3, 2018, Defendant's counsel also filed a letter informing me he mistakenly filed the affidavit in support under the assumption that he had previously filed it when he initially filed the motion on December 1, 2017. (Doc. 26.) Because the affidavit had not been previously filed, Defendant requested that it be withdrawn for purposes of its motion. (*Id.*) I granted Defendant's request, indicating that I would not consider the affidavit in deciding Defendant's motion to dismiss. (Doc. 27.)

### III. Legal Standard

When a defendant moves for dismissal for lack of personal jurisdiction pursuant to Rule 12(b)(2), the plaintiff bears the burden of demonstrating that the court has jurisdiction over the defendant. *Kernan v. Kurz–Hastings, Inc.*, 175 F.3d 236, 240 (2d Cir. 1999). "In order to survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must make a prima facie showing that jurisdiction exists." *Penguin Grp. (USA) Inc. v. Am. Buddha*, 609 F.3d 30, 34–35 (2d Cir. 2010) (citation omitted). A plaintiff may make such a showing by "making legally sufficient allegations of jurisdiction, including an averment of facts that, if credited, would suffice to establish jurisdiction over the defendant." *Id.* at 35 (internal quotation marks omitted). In considering motions to dismiss pursuant to Rule 12(b)(2), the court may look beyond the pleadings, including to affidavits and supporting materials, to determine whether it has jurisdiction. *Mende v. Milestone Tech., Inc.*, 269 F. Supp. 2d 246, 251 (S.D.N.Y. 2003).

### IV. Discussion

Defendant argues that the complaint should be dismissed because (1) Plaintiff fails to establish personal jurisdiction over Defendant, and (2) Plaintiff fails to state a claim under the Copyright Act. I find that limited jurisdictional discovery is necessary to determine whether personal jurisdiction exists over Defendant, and I reserve decision on Defendant's motion to dismiss for failure to state a claim. *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430–31 (2007) ("[A] federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction).").

#### A. *Applicable Law*

In determining whether personal jurisdiction has been established, courts engage in a

two-step analysis.  *See Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 732 F.3d 161, 168 (2d Cir. 2013).  First, the court must determine if there is statutory jurisdiction under the law of the forum state, and second, the court must determine whether its exercise of jurisdiction "comports with due process protections established under the United States Constitution." *Id.*

New York's long-arm statute provides that a court may exercise personal jurisdiction over a foreign defendant when that defendant "commits a tortious act without the state causing injury to person or property within the state . . . if [the defendant] . . . expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce." N.Y. C.P.L.R. § 302(a)(3)(ii).  To establish jurisdiction under that provision of the New York long-arm statute, a plaintiff must show that:

> (1) the defendant's tortious act was committed outside New York, (2) the cause of action arose from that act, (3) the tortious act caused an injury to a person or property in New York, (4) the defendant expected or should reasonably have expected that his or her action would have consequences in New York, and (5) the defendant derives substantial revenue from interstate or international commerce.

*Penguin*, 609 F.3d at 35.  If the plaintiff satisfies these five requirements, then the court must determine whether the exercise of personal jurisdiction comports with due process.  *Id.*

### B. *Application*

Defendant argues that Plaintiff fails to satisfy prongs (4) and (5) of the test under § 302(a)(3)(ii) because Defendant did not expect or should not reasonably have expected its act to have consequences in New York and because Defendant does not derive substantial revenue from interstate or international commerce.  (Def.'s Mem. 2–5.)[2]  Defendant offers several assertions in its opposition brief that would likely support its arguments that Plaintiff has failed

---

[2] "Def.'s Mem." refers to Defendant's Memorandum of Law in Support of Motion to Dismiss, filed January 3, 2018. (Doc. 23.)  Defendant's Memorandum does not contain page numbers, so my page citations refer to the page numbers assigned by the Electronic Case Filing system.

5

to establish personal jurisdiction, but Defendant has not offered evidence to support those assertions.

For example, Defendant suggests that it did not copy the Photograph from the New York Times website, but rather from a separate website that did not include the copyright notices indicating that Plaintiff and The New York Times Company had an ownership interest in the Photograph. (Def.'s Mem. 4.) If this were true, it would undermine Plaintiff's claim that Defendant knew or should have known that its actions would have consequences in New York, because Defendant would not have known or had reason to know that the copyright owners were New York residents. Similarly, Defendant asserts that it does not earn substantial revenue from interstate or international commerce, but it supplies no evidence of its sources of revenue. (*Id.* at 4–5.) If it were true that Defendant earned no or de minimis revenue through interstate or international commerce, then Plaintiff would be unable to establish personal jurisdiction over Defendant. *See Penguin*, 609 F.3d at 35 (requiring plaintiff to show that defendant earned "substantial revenue" through interstate or international commerce).

Because the facts necessary to determine whether or not personal jurisdiction exists "lie exclusively within defendant's knowledge," I find that limited jurisdictional discovery is appropriate. *Wafios Mach. Corp. v. Nucoil Indus. Co.*, No. 03 Civ.9865(RWS), 2004 WL 1627168, at *5 (S.D.N.Y. July 21, 2004). Given that Defendant limits its challenge to two prongs of the personal jurisdiction test under § 302(a)(3)(ii), discovery shall be similarly limited to documents and testimony, as necessary, relevant to the questions of whether: (1) Defendant expected or should have expected that its allegedly infringing act would have consequences in New York, and (2) Defendant derives substantial revenue in interstate or international commerce.

## V. Conclusion

For the foregoing reasons, Defendant's motion to dismiss is DENIED with leave to re-file upon the conclusion of limited jurisdictional discovery. Jurisdictional discovery shall be limited to documents and testimony, as necessary, relevant to the questions of whether: (1) Defendant expected or should have expected that its allegedly infringing act would have consequences in New York, and (2) Defendant derives substantial revenue in interstate or international commerce. Jurisdictional discovery shall close forty-five (45) days after the entry of this Opinion & Order. Defendant shall file a renewed motion to dismiss within twenty-one (21) days of the close of jurisdictional discovery.

The Clerk of Court is respectfully directed to terminate the open motion at Document 22.

SO ORDERED.

Dated: September 24, 2018
      New York, New York

Vernon S. Broderick
United States District Judge